**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-01598-REB-MJW

DENEEN R. GAMMONS, Ph.D.,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
CHIEF OF POLICE GERALD R. WHITMAN, in his official and individual capacities,
OFFICER STEPHEN STACK, in his official and individual capacities,
DETECTIVE HENRY P. GONZALES, in his official and individual capacities,
DETECTIVE KARA BILSTEIN, in her official and individual capacities,
SGT. KIM HULL, in her official and individual capacities, and
UNKNOWN CITY AND COUNTY OF DENVER POLICE OFFICERS, DETECTIVES,
AND SERGEANTS, JOHN DOES 1-10, in their official and individual capacities,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

**Blackburn, J.**

The matter before me is defendants' **MOTION TO DISMISS** [#22][1] filed

November 30, 2010. The plaintiff filed a response [#29], and defendants filed a reply

[#32]. After careful review, I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question).

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II. STANDARD OF REVIEW

The defendants seek dismissal of the plaintiff's under FED.R.CIV.P.12(b)(6) for failure to state a claim on which relief can be granted. When ruling on a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of FED.R.CIV.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003).

I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[2]

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 500 U.S. at 556) (internal quotation marks omitted).

Recently, the United States Court of Appeals for the Tenth Circuit outlined two working principles that underlie the application of the Rule 12(b)(6) standard.

> First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *[Ashcroft v.] Iqbal*, 129 S. Ct. [1937], at 1949 [(2009)]. Thus, mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim. *Twombly*, 550 U.S. at 555. And second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950. In other words, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.

*Kansas Penn Gaming, LLC v. Collins, et al.*, ___ F.3d ___, ___, No. 10-3002, slip op. at 6 (10th Cir. Sept. 1, 2011) (published opinion).

---

> speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).

### III. PLAINTIFF'S ALLEGATIONS

The plaintiff's first amended complaint [#9] concerns a traffic stop that occurred on June 26, 2008, and her subsequent arrest on July 7, 2008. The plaintiff, Deneen R. Gammons (Gammons), alleges that on June 26, 2008, she was driving south on Peoria Street when defendant, Officer Stephen Stack of the Denver Police Department, nosed his patrol car out in front of Gammons' car, forcing Gammons to change lanes to avoid hitting Stack's car. Stack then activated his emergency lights and stopped Gammons. Gammons says Stack released her to depart the scene after Stack examined Gammons' drivers license and other documents.

Gammons alleges that on July 7, 2008, Stack contacted Gammons by telephone to inquire when Gammons would arrive at a certain location. Gammons says Stack lied to her in an effort to lure Gammons to this location. When Gammons arrived at the location, Stack arrested Gammons. Stack told Gammons that she was under arrest for eluding an officer and vehicular assault on a police offer. Stack told Gammons that he, Stack, was the police officer who stopped her on June 26, 2008, and he said she had eluded him and had run over his foot with her car. Gammons' car was impounded at the scene of her arrest. Additional allegations are discussed below.

The plaintiff asserts nine claims in her first amended complaint [#9]. As outlined by plaintiff, those claims are (1) illegal and unlawful traffic stop and detention; (2) false and unlawful arrest; (3) illegal and unlawful confinement and/or false imprisonment; (4) civil and/or criminal conspiracy; (5) violation of the Privileges and Immunities Clause of

the Constitution;[3] (6) abuse of authority, abuse of process, and malicious prosecution; (7) assault and battery; (8) outrageous conduct and intentional/negligent infliction of emotional distress; and (9) defamation. *First amended complaint* [#9], pp. 17, 18, 20, 21, 23, 25, 27, 29, 31. Each of the plaintiff's claims is brought under 42 U.S.C. § 1983. The plaintiff's complaint includes a general statement of her factual allegations followed by a specific delineation of each of her nine claims. In their motion to dismiss, the defendants provide various arguments against each claim. I address each claim in turn.

## IV. ANALYSIS OF THE PLAINTIFF'S CLAIMS

### A. Claim One: 42 U.S.C. § 1983 - Unlawful Stop and Detention

The plaintiff's first claim for relief is captioned "42 U.S.C. § 1983 - Illegal and Unlawful Traffic Stop and Detention." *First amended complaint* [#9], p. 17. The plaintiff's unlawful stop and detention claim is based on her allegation that on

> June 26, 2008, Defendant **STACK**, unlawfully, and without (lawful) 'probable cause' to do so, stopped and detained Dr. GAMMONS through a 'contrived,' 'false,' and 'fictitious' 'racial profiling' stop; predicated on a 'false' traffic infraction, ; (*sic*) accomplished by nosing his car out into Dr. GAMMONS' lane of traffic, causing her to avoid a certain accident, and then lawfully stopped and detained her for her acts of 'necessity' in avoiding the dangerous situation created by Defendant STACK.

*First amended complaint* [#9], pp. 17-18 (emphasis in original). The defendants argue that plaintiff's unlawful stop and detention claim is time barred. I agree.

Claims brought under § 1983 are subject to the general personal injury statute of limitations of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1266

---

[3] Plaintiff states her fifth claim for relief as: "[r]efusing or neglecting to prevent violation of plaintiff's rights, privileges, or immunities, as '. . . secured by the Constitution and laws.'" I construe this to allege a violation of the Privileges and Immunities Clause of the United States Constitution.

(10th Cir. 1994).  In Colorado, the applicable statute of limitations for a § 1983 claim is two years.  §13-80-102, C.R.S.; *Hunt*, 17 F.3d at 1266.  "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotations and citations omitted).  Further, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizures, are presumed to have accrued when the actions actually occur."  *Id*.

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is an appropriate means to challenge a complaint that on its face indicates the existence of an affirmative defense, such as noncompliance with the applicable statute of limitations.  *Billington v. United Airlines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999), *overruled on otr. grounds by Boyler v. Cordant Techs., Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003).  When the dates given in a complaint make it clear that the claims asserted are untimely, the plaintiff has the burden to establish a factual basis for tolling the statute of limitations.  *Aldrich v. McCullough Props.*, 627 F.2d 1036, 1041 (10th Cir. 1980).

In this case the plaintiff's unlawful stop and detention claim is based on the events of June 26, 2008.[4]  The plaintiff filed her original complaint [#1], on July 6, 2010, more than two years after June 26, 2008.  The allegations in the first amended complaint show that the plaintiff was aware of Stack's allegedly unlawful actions and the injury those actions allegedly caused on June 26, 2008.  This claim accrued on June 26,

---

[4]  The defendants' note in their motion to dismiss [#22] that at several points throughout the complaint, plaintiff misstates relevant dates.  I assume that these errors are simply typographical.  Taking the first amended complaint, the defendants' motion to dismiss [#22], and the plaintiff's response [#29] in conjunction with simple logic, it is clear that plaintiff first was stopped on June 26, 2008, and was arrested on July 7, 2008.

2008. In the plaintiff's response to the motion to dismiss, she does not make any argument in support of tolling the limitations period, but states only that "[p]laintiff has clearly established that the false arrest and seizure claim was filed within the two years." *Response* [#29], p. 6.

The plaintiff's unlawful stop and detention claim, her first claim for relief, was brought more than two years after the accrual of any claim based on the events of June 26, 2008. The plaintiff's first claim for relief against defendant Stack is barred by the applicable statute of limitations. The defendants' motion to dismiss the plaintiff's first claim for relief is granted, and that claim *per force* is dismissed with prejudice.

### B.      Claim Two: 42 U.S.C. § 1983 - False and Unlawful Arrest

The plaintiff's second claim for relief is captioned "42 U.S.C. § 1983 - False and Unlawful Arrest." *First amended complaint* [#9], p. 18. This claim is asserted against defendants, Stack and Gonzales. The operative portion of the plaintiff's complaint states:

> On July 7, 2008, Defendant **STACK**, falsely and unlawfully arrested Dr. GAMMONS without (1) an arrest warrant having been issued, or (2) by reason of her having committed any crime, on July 7, 2008, in Defendant STACK's "presence"; as required by both law and Denver Police Department procedures. Plaintiff asserts that her "false and unlawful" arrest continued for the entire time she was in the "custody" of both Defendants STACK and GONZALES on July 7, 2008, and thereafter until her release from "custody."

*First amended complaint* [#9], pp. 19. (emphasis in original). The plaintiff was arrested on July 7, 2008, for eluding a police officer and vehicular assault on a police officer. *First amended complaint*, p. 11. These charges were based on the allegation of defendant Stack that the plaintiff became angry and left the scene of the June 26, 2008, traffic stop before Stack could give the plaintiff a traffic citation. Stack claims also that

the plaintiff rolled over Stack's foot with her vehicle as the plaintiff departed the scene. *Id.*, ¶¶ 49, 88.

To maintain her claims of false arrest, false imprisonment, abuse of authority, abuse of process, and malicious prosecution, the plaintiff must show, at minimum, the absence of probable cause for her arrest on July 7, 2008. "(W)hen a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove that the officer(s) lacked probable cause." ***Buck v. City of Albuquerque***, 549 F.3d 1269, 1281 (10th Cir. 2008); ***Wilkins v. DeReyes***, 528 F.3d 790, 799 (10th Cir. 2008) (necessary element of malicious prosecution claim under § 1983 is that no probable cause supported the original arrest, continued confinement, or prosecution). Probable cause for a warrantless arrest exists when the facts and circumstances within the knowledge of the arresting officer, and of which he or she has reasonably trustworthy information, are sufficient to lead a prudent person to believe that the arrestee has committed an offense. ***Howards v McLaughlin***, 634 F.3d 1131, 1141 (10th Cir. 2011). "(A)n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." ***Devenpeck v. Alford***, 543 U.S. 146, 153 (2004).

The defendants include with their motion to dismiss certified copies of records from the County Court for the City and County of Denver, Colorado. *Motion to dismiss* [#22], Exhibits 1 & 2. Based on these records, I take judicial notice that on February 9, 2009, the plaintiff was convicted by a jury of obstruction of a police officer and failure to signal for a lane change. *Motion to dismiss* [#22], Exhibit 1, pp. 1, 3-4. These convictions are based on the traffic stop involving the plaintiff, which occurred on June 26, 2008. *Id.*, p. 1. The plaintiff briefly describes her trial in her complaint. *First amended complaint* [#9], p. 16. In her response to the motion to dismiss, the plaintiff

does not contest the fact that she suffered these convictions and they are based on the June 26, 2008, traffic stop at issue in this case. *Response* [#29], pp. 6 - 9. I may take judicial notice of the certified records of the Denver County Court. Fed. R. Evid. 201. I may take judicial notice of these records without converting the defendants' motion to dismiss into a motion for summary judgment. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (on a motion to dismiss for failure to state a claim, district court can consider exhibits attached to complaint, all materials in the complaint, and may take judicial notice of materials in state court's file in underlying lawsuit without converting motion into motion for summary judgment); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004) (noting that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment).

The fact that the plaintiff was convicted of obstruction of a police officer and failure to signal for a lane change based on the events surrounding the June 26, 2008, traffic stop, conclusively defeats any claim that the plaintiff was arrested without probable cause on July 7, 2008. The plaintiff's two convictions demonstrate that probable cause existed for her July 7, 2008, arrest and subsequent prosecution. *See U.S. v. Mechanik*, 475 U.S. 66, 67 (1986) ("petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were arrested"); *U.S. v. Edgmon*, 952 F.2d 1206, 1212 (10th Cir. 1991) (citing *Mechanik*). Notably, the plaintiff's convictions also preclude her from alleging another key element of a malicious prosecution claim, that the underlying criminal action terminated in her favor. *Wilkins*, 528 F.3d at 799. Given the plaintiff's convictions, her allegation that she was arrested without probable cause is ineffectual and must be disregarded.

I conclude also that the plaintiff's false and unlawful arrest claim is barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994). "[C]ivil tort actions are not appropriate

vehicles for challenging the validity of outstanding criminal judgments . . . ." *Heck v.*

*Humphrey*, 512 U.S. 477, 486 (1994). The *Heck* rule provides that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, *declared invalid by a state
> tribunal authorized to make such determination*, or called into
> question by a federal court's issuance of a writ of habeas
> corpus.

*Heck*, 512 U.S. at 486 - 487 (emphasis added, footnote omitted). The plaintiff's

contention that there was no probable cause for her arrest on July 7, 2008, is based on

her contention that there was no probable cause to believe she committed a crime

during the June 26, 2008, traffic stop. Proof of this proposition necessarily would render

the plaintiff's two convictions, specified above, invalid. Therefore, her false and unlawful

arrest claim is barred by *Heck v. Humphrey*.[5]

The plaintiff's two convictions preclude the plaintiff from alleging that she was

arrested without probable cause on July 7, 2008. As a result, the plaintiff cannot state a

§ 1983 claim for false and unlawful arrest. Under *Heck*, the plaintiff is barred from

asserting any § 1983 claim that effectively challenges the validity of her February 9,

2009, convictions. As a result, the plaintiff cannot state a claim for false and unlawful

---

[5] The plaintiff's complaint can be read to allege that she could not be arrested lawfully unless a) an arrest warrant was issued; or b) she "committed any crime, on July 7, 2008, in" the presence of the arresting officer. *First amended complaint* [#9], ¶ 50, final sentence. The contention that an arrest is invalid absent a warrant or the commission of a crime in the presence of an arresting officer at the time of the arrest is incorrect. Rather, probable cause for a warrantless arrest exists when there is probable cause to believe that the arrestee has committed a criminal offense.

arrest concerning her July 7, 2008, arrest.  The defendants' motion to dismiss the

plaintiff's second claim for relief is granted and that claim is dismissed with prejudice.

### C.      Claim Three: 42 U.S.C. § 1983 - False Imprisonment Claim

In her third claim for relief, the plaintiff alleges that:

> "[O]n July 7, 2008, Defendants **STACK** and **GONZALE**S illegally
> and unlawfully confined and/or imprisoned her (1) without an arrest
> warrant having been issued, (2) by reason of her having committed any
> crime, on July 7, 2008, in Defendants STACK's "presence"; as required by
> both law and Denver Police Department procedures, or (3) her being
> sentenced to confinement, by any court, as punishment for conviction for
> the commission of a crime, punishable by jail or prison.  Plaintiff asserts
> that her **- ILLEGAL AND UNLAWFUL CONFINEMENT AND/OR FALSE
> IMPRISONMENT** continued for the entire time she was in the "custody" of
> both Defendants STACK and GONZALES on July 7, 2008, and thereafter
> until her release from "custody."

*First amended complaint* [#9], pp. 20-21 (emphasis in original).  The analysis above

concerning the plaintiff's second claim for relief is applicable equally to plaintiff's third

claim.  The plaintiff's convictions establish conclusively that there was probable cause

for the plaintiff's July 7, 2008, arrest.   As a result, the plaintiff cannot state a claim for

false imprisonment.  In addition, this claim also is barred by *Heck*.  The defendants'

motion to dismiss plaintiff's third claim for relief is granted and that claim is dismissed

with prejudice.

### D.      Claim Four: 42 U.S.C. § 1983 - Conspiracy to Violate Plaintiff's Rights

In her fourth claim for relief, the plaintiff avers that:

> "[S]ince June 28, 2008, Defendants **STACK, GONZALES, BILSTEIN,** and
> **HULL** have, both illegally and unlawfully and as agreed-upon and planned
> course of injurious action, as a "concerted effort" and by agreement,
> expressly or tacitly designed to violate her federally-protected "civil" rights
> and injure her both economically and non-economically, including but not
> limited to, all defendants sharing and disclosing information for the sole
> purpose of ruining her credibility and reputation in the community;
> Defendant HULL's act of providing internal police documents (Two copies
> Defendants STACK's NPO Daily Activity Log Sheets, certified as "true

copies" by Defendant HULL) to a private citizen to use to defame Dr.
GAMMONS and, DR. GAMMONS asserts, to ruin her "credibility" as an
"expert" on that Denver child custody case, being but one (1) example of
such conduct.

*First Amended Complaint* [#9], p. 22. (emphasis in original). The object of the alleged

conspiracy allegedly was to defame the plaintiff. The defendants argue that the plaintiff

has failed to state a claim because she has not alleged specific facts showing an

agreement and concerted action among the defendants. I agree.

I conclude that none of the plaintiff's nine claims for relief states an actionable

claim for violation of her federally protected rights. Absent an underlying claim for

violation of the plaintiff's federally protected rights, the plaintiff cannot state a claim for

conspiracy to violate those rights.

Even if there were a valid underlying claim, the plaintiff's conspiracy allegations

are far too general to support a conspiracy claim. To state a conspiracy under § 1983,

a plaintiff must allege specific facts showing an agreement and concerted action among

the defendants. ***Tonkovich v. Kansas Bd. of Regents***, 159 F.3d 504, 533 (10th Cir.

1998). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983

claim." ***Hunt v. Bennett***, 17 F.3d 1263, 1266 (10th Cir. 1994) (internal quotations

omitted). The plaintiff's statements that the defendants shared information to ruin her

credibility and that defendant Hull disclosed documents to a member of the public to

defame her are simply not enough. These overly broad and conclusory allegations do

not include specific factual allegations showing an agreement or concerted action

among these defendants. These allegations are insufficient to state a § 1983

conspiracy claim. The defendants' motion to dismiss the plaintiff's fourth claim for relief

is granted and this claim is dismissed with prejudice.

### E.    Claim Five: 42 U.S.C. § 1983 -Violation of the Privileges and Immunities Clause

In an attempt to claim a violation of the Privileges and Immunities Clause, the plaintiff alleges:

> [S]ince June 28, 2008, all named Defendants, both individually and collectively, have, both **willfully** and **wantonly**, or, at a minimum, **negligently**, refused and/or neglected to prevent the violation of Plaintiff's rights, privileges, or immunities, as ". . . secured by the Constitution and laws. Plaintiff asserts that such misfeasance and malfeasance, on the part of all defendants, is part of the "accepted," "approved,["] "expected," and "ratified" "culture" and/or "climate" of the Denver Police Department, as allowed by Defendants **WHITMAN** and the **CITY OF DENVER, COLORADO,** has unreasonably and unlawfully deprived Dr. GAMMONS of her constitutionally protected right to be free from such illegal and unlawful police and governmental action.

*First Amended Complaint* [#9], p. 24 (emphasis in original). In their motion to dismiss, the defendants argue that plaintiff has not alleged that she suffered any adverse action based on her citizenship in a particular state, and, therefore, circumstantiate a violation of the Privileges and Immunities Clause. *Motion to* Dismiss [#22], p. 10.

"The object of the Privileges and Immunities Clause is to strongly constitute the citizens of the United States one people, by placing the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." *Lunding v. N.Y. Tax Appeals Tribunal*, 522 U.S. 287, 296 (1998) (quoting *Paul v. Virginia*, 8 Wall. 168, 180, 19 L.Ed. 357 (1868) (internal quotations omitted). The Privileges and Immunities Clause bars discrimination against citizens of other states where there is no substantial reason for discrimination beyond the mere fact that they are citizens of other states. *Id*. In her first amended complaint [#9], the plaintiff makes no allegation that she was discriminated

against because she was a citizen of a state other than Colorado.[6]  The plaintiff appears to concede this point because she made no attempt to persuade this court otherwise in her response to defendants' motion to dismiss [#29].[7]  The defendants' motion to dismiss the plaintiff's fifth claim for relief is granted and that claim is dismissed with prejudice.

### F.    Claim Six: 42 U.S.C. § 1983 - Abuse of Authority, Abuse of Process, Malicious Prosecution

Plaintiff's sixth claim for relief is based on her allegations that:

[S]ince June 28, 2008 and as alleged herein, all named defendants, both individually and collectively, have, both **willfully** and **wantonly**, or, at a minimum, **negligently**, abused their governmental and law enforcement authority, powers, and legal process by taking (numerous legal action(s) [*sic*] against Dr. GAMMONS, based upon known false charges, false evidence, and false allegations; all stemming from the illegal and unlawful actions of Defendant STACK on June 28, 2008 and July 7, 2008.

*First Amended Complaint* [#9], p. 26 (emphasis in original).

As noted above in my analysis concerning plaintiff's second and third claims for relief, to bring abuse of authority, abuse of process, and malicious prosecution claims based on the plaintiff's July 7, 2008, arrest and subsequent events, the plaintiff must prove the absence of probable cause for her arrest and prosecution. The analysis above concerning the plaintiff's second and third claims for relief is applicable equally to plaintiff's sixth claim.  The plaintiff's convictions establish conclusively that there was probable cause for the plaintiff's July 7, 2008, arrest.   As a result, the plaintiff cannot

---

[6]  In contradiction to a potential claim for violation of the Privileges and Immunities Clause, plaintiff states that she is a citizen of the United States of America and a resident of the State of Colorado, the state where all events relevant to her claims took place.  *First Amended Complaint* [#9], p. 6.

[7]  In her response, plaintiff does not provide any legal argument, but only states: "Defendants' states (*sic*) 'Plaintiff's fifth claim for relief purports to state a violation of the Privileges and Immunities Clause.'"  *Response*  [#29], p. 10.

state a claim for abuse of authority, abuse of process, or malicious prosecution.  In addition, this claim is barred by **Heck**.  The defendants' motion to dismiss plaintiff's sixth claim for relief is granted and that claim is dismissed with prejudice.

### G.    Claim Seven: 42 U.S.C. § 1983 - Assault and Battery

The plaintiff's seventh claim for relief is captioned "42 U.S.C. § 1983 - Assault and Battery."  *First amended complaint* [#9], p. 27.  In support of this claim, the plaintiff alleges that:

> [A]s a result of her being falsely arrested and while in their "custody" both
> Defendants STACK and GONZALES, on July 7, 2008 and as alleged
> herein, did, without "lawful authority", as she was under false arrest, put
> their hands on Dr. GAMMONS, without her consent, and inflicting pain
> upon her by "man-handling" and hand-cuffing her, without her consent.

*Plaintiff's First Amended Complaint* [#9], p. 28. (emphasis in original).  The defendants argue that this claim should be dismissed for failure to state a claim because plaintiff's allegations are insufficient to state a plausible claim that either officer used excessive force against her during the arrest.  *Motion to* Dismiss [#22], pp. 10-11.

Although the words assault and battery typically are associated with a tort claim under state law, I read the plaintiff's seventh claim as a claim that defendants Stack and Gonzales used excessive force when they arrested the plaintiff, in violation of the plaintiff's rights under the Fourth Amendment.  The seventh claim for relief must be read this way because it is asserted under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  **West v. Atkins**, 487 U.S. 42, 48 (1988).

To state a viable excessive force claim, the plaintiff must allege (1) that the officers used greater force than would have been reasonably necessary to effect a

lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not *de minimis*, be it physical or emotional. ***Cortez v. McCauley***, 478 F.3d 1108, 1129, (10th Cir. 2007). The plaintiff's allegations that she was "man handled" and handcuffed without her consent do not provide factual support for a contention that the arresting officers used greater force than necessary. In light of her subsequent convictions, the plaintiff cannot allege that her arrest was unlawful and the use of reasonable force was a violation of her rights. Further, simply alleging that defendants Stack and Gonzales "man-handled" plaintiff and handcuffed her without consent does not present evidence of an actual injury that is not *de minimis*. Finally, the plaintiff's allegation that she suffered unspecified physical and emotional injuries and economic damages as a result of the defendants' actions related to her arrest is far too general to satisfy the pleading standard defined in ***Twombly***, ***Iqbal***, and related cases. The defendants' motion to dismiss plaintiff's seventh claim for relief is granted and that claim is dismissed with prejudice.

### H.    Claim Eight: 42 U.S.C. § 1983 - Outrageous Conduct, Intentional or Negligent Infliction of Emotional Distress

The plaintiff's eighth claim for relief is captioned "42 U.S.C. § 1983 - Outrageous Conduct and Intentional/Negligent Infliction of Emotional Distress." *First amended complaint* [#9], p. 29. In support of this claim, the plaintiff alleges that:

> Plaintiff asserts that Defendant STACK's bragging about how he was able to get "**... THAT BIG FAT BITCH TO COME TO ME, IT WAS LIKE TAKING CANDY FROM A BABY. THAT BIG BITCH WAS STUPID**" was outrageous conduct for any police officer, designed, as it was meant to be heard by Plaintiff, to intentionally and/or negligently inflict emotional distress on Plaintiff; and would "shock" the "conscience" of "reasonable people."

*First Amended Complaint* [#9], p. 29 - 30 (emphasis in original). The plaintiff includes

also other similar allegations about comments made by defendants Stack and Gonzales.  The defendants argue that this claim should be dismissed for failure to state a claim because a claim for outrageous conduct or negligent infliction of emotional distress cannot be brought under § 1983.  The defendants argue also that if this claim is read as a claim under state law, then this claim is barred by the statute of limitations.  I agree with both contentions.

Reading this claim as a claim under § 1983, as specified by the plaintiff in her first amended complaint, her allegations that Stack and Gonzales made rude and abusive comments about her do not state a claim for violation of the plaintiff's federally protected rights. ***See, e.g., Collins v. Cundy***, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff's idle threat to hang a prisoner does not give rise to a § 1983 claim).  Reading this claim as a state law claim for outrageous conduct and intentional or negligent infliction of emotional distress would require that the court  ignore the plaintiff's specification of § 1983 as the basis of her claim.  Such a reading is improper because it amounts to a unilateral court initiated amendment of the plaintiff's complaint.  Even if such an amendment were proper, this claim fails because it is barred by the applicable statute of limitations.   Under §13-80-103(c), C.R.S., all civil actions against a police officer must be brought within one year.  The comments allegedly were made on July 7, 2008, and the claim accrued on that date.  The plaintiff's original complaint [#1] was filed on July 6, 2010, more than one year after July 7, 2008.  The defendants' motion to dismiss plaintiff's eighth claim for relief is granted and that claim is dismissed with prejudice.

## I.     Claim Nine: 42 U.S.C. § 1983 - Defamation, Libel, and Slander

The plaintiff's ninth[8] claim for relief is captioned "42 U.S.C. § 1983 - Defamation

of Plaintiff's character by Defendants, through both 'libel' and 'slander.'"  *First amended*

*complaint* [#9], p. 31.  In support of this claim, the plaintiff alleges that:

> (o)n or about October 14, 2008, in a completely unrelated child custody
> case in Denver Juvenile Court, Dr. GAMMONS became aware of the fact
> the Defendant HULL **GAVE** internal police documents (Two copies
> Defendant STACK's NPO Daily Activity Log Sheets, certified as "true
> copies" by Defendant HULL) to a private citizen to use to defame Dr.
> GAMMONS and, Dr. GAMMONS asserts, to ruin her "credibility" as an
> "expert" on that Denver child custody case.

*First Amended Complaint* [#9], pp. 15 - 16 (emphasis in original).  In addition, the

plaintiff alleges

> that defendant HULL's act of providing internal police documents (Two
> copies Defendant STACK'S npo Daily Activity Log Sheets, certified as
> "true copies" by Defendant HULL) to a private citizen to use to defame Dr.
> GAMMONS and, Dr. GAMMONS asserts, to ruin her "credibility" as an
> "expert" on that Denver child custody case, being but on (1) example of
> such conduct.

*First Amended Complaint* [#9], p. 31 (emphasis in original).  Notably, the plaintiff does

not specify how these documents allegedly were libelous or slanderous.  The

defendants argue that this claim should be dismissed for failure to state a claim

because a claim for defamation does not give rise to a § 1983 claim.  The defendants

argue also that if this claim is read as a claim under state law, then this claim is barred

by the statute of limitations.  I agree.

Reading this claim as a claim under § 1983, as specified by the plaintiff in her

first amended complaint, her allegations that Hull provided internal police documents to

---

[8]  The plaintiff's complaint designates this claim as the eighth claim for relief but, sequentially, this claim is the ninth claim for relief asserted in the first amended complaint [#9].

a private citizen do not state a claim for violation of the plaintiff's federally protected rights. First, the plaintiff provides no specific factual allegations indicating how these documents allegedly were libelous or slanderous to the plaintiff. Second, a plaintiff's "interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Paul v. Davis*, 424 U.S. 693, 712 (1976). The allegations in support of the plaintiff's claim nine do not state a claim on which relief can be granted under § 1983. Reading this claim as a state law claim for libel and slander would require that the court ignore the plaintiff's specification of § 1983 as the basis of her claim. Such a reading is improper because it amounts to a unilateral court initiated amendment of the plaintiff's complaint. Even if such an amendment were proper, this claim fails because it is barred by the applicable statute of limitations. Under §13-80-103(c), C.R.S., all civil actions against a police officer must be brought within one year. The plaintiff became aware of Hull's alleged actions on October 14, 2008, and the claim accrued on that date. Hull is an internal affairs investigator with the Denver Police Department. The plaintiff's original complaint [#1] was filed on July 6, 2010, more than one year after October 14, 2008. The defendants' motion to dismiss plaintiff's ninth claim for relief is granted and that claim is dismissed with prejudice.

## V.  OTHER  ISSUES

### A.    *Qualified Immunity*

The individual defendants, Whitman, Stack, Gonzales, Bilstein, and Hull, argue that they are shielded from the plaintiff's claims by qualified immunity. Once a defendant asserts the defense of qualified immunity, the plaintiff must show (1) that the

defendants' actions violated a federal constitutional or statutory right; and (2) that the right was clearly established at the time of the conduct. Assuming the allegations in the plaintiff's complaint to be true, the plaintiff has not demonstrated that any of the individual defendants violated her federally protected rights in any fashion. Therefore, the individual defendants are entitled to qualified immunity. On this basis, the motion to dismiss is granted as to each claim asserted against the individual defendants, and those claim are dismissed with prejudice.

### B. City & County of Denver, Chief Whitman

The plaintiff names the City and County of Denver and former Denver Police Chief Gerald R. Whitman as defendants. There are myriad problems with the plaintiff's allegations in support of her claims against these defendants. The most fundamental of these flaws is that the plaintiff's allegations, taken as true, do not state any claim for violation of her federally protected rights. Absent a claim for violation of the plaintiff's federally protected rights, the plaintiff cannot state a claim against the City and County of Denver or former Chief Whitman.

### VI. CONCLUSION AND ORDERS

Having considered carefully the allegations in the plaintiff's complaint and the applicable law, I conclude ultimately that the allegations in the plaintiff's first amended complaint [#9] are insufficient to state any claim on which relief can be granted. This is true of each of the nine discreet claims asserted by the plaintiff in her first amended complaint [#9]. My analysis includes all of the claims asserted against all of the defendants named in this case, except for the defendants named as "Unknown City and County of Denver police Officers, Detectives, and Sergeants, John Does 1 - 10." *First amended complaint* [#9], p. 1. In a separate order, I will require the plaintiff to show

cause why the claims asserted against the John Doe defendants should not be dismissed under FED. R. CIV. P. 4(m) and 41(b).

THEREFORE, IT IS ORDERED as follows:

1. That the defendants' **MOTION TO DISMISS** [#22] filed November 30, 2010, is **GRANTED**;

2. That each of the plaintiff's nine claims asserted in her **(First Amended) Complaint for Damages and Jury Demand** [#9] filed October 1, 2010, is **DISMISSED WITH PREJUDICE** as to defendants, City and County of Denver, Chief of Police Gerald R. Whitman, Officer Stephen Stack, Detective Henry P. Gonzales, Detective Kara Bilstein, and Sgt. Kim Hull;

3. That defendants, City and County of Denver, Chief of Police Gerald R. Whitman, Officer Stephen Stack, Detective Henry P. Gonzales, Detective Kara Bilstein, and Sgt. Kim Hull are **DROPPED** from this case, and the caption shall be **AMENDED** accordingly; and

4. That the Trial Preparation Conference set for September 16, 2011, at 3:00 p.m., and the trial, set to begin on October 3, 2011, at 8:30 a.m. both are **VACATED**.

Dated September 15, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge