IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-01598-REB-MJW

DENEEN R. GAMMONS, Ph.D.,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
CHIEF OF POLICE GERALD R. WHITMAN, in his official and individual capacities,
OFFICER STEPHEN STACK, in his official and individual capacities,
DETECTIVE HENRY P. GONZALES, in his official and individual capacities,
DETECTIVE KARA BILSTEIN, in her official and individual capacities,
SGT. KIM HULL, in her official and individual capacities, and
UNKNOWN CITY AND COUNTY OF DENVER POLICE OFFICERS, DETECTIVES, AND SERGEANTS, JOHN DOES 1-10, in their official and individual capacities,

    Defendants.

---

## ORDER

---

**Blackburn, J.**

The matter before me is the **Order To Show Cause** [#67][1] issued by the court on September 15, 2011. In that order, I ordered the plaintiff to show cause in writing why her claims against the defendants named in her first amended complaint [#9] as unknown City and County of Denver police officers, detectives, and sergeants, John Does 1-10, in their official and individual capacities should not be dismissed under FED. R. CIV. P. 4(m) and 41(b). The plaintiff did not respond to the order to show cause.

Under FED. R. CIV. P. 4(m), I may dismiss without prejudice claims against defendants who have not been served within 120 days of the date on which the

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

complaint was filed.  The plaintiff has not identified, and, thus, has not served any of the John Doe defendants.

Additionally, under FED. R. CIV. P. 41(b), I may dismiss a claim if the plaintiff fails to prosecute the claim.  The plaintiff has done nothing to identify and serve the John Doe defendants.  The plaintiff has failed to prosecute the claims she purports to assert against the John Doe defendants.  Therefore, I dismiss the plaintiff's claims against the defendants named as unknown City and County of Denver police officers, detectives, and sergeants, John Does 1-10, in their official and individual capacities.

All other claims against all other defendants were dismissed in my **Order Granting Defendants' Motion To Dismiss** [#65] filed September 15, 2011.  With the dismissal of the claims against the John Doe defendants, all claims against all defendants named in this case are resolved.  Thus, I direct the entry of judgment in favor of the defendants.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Order To Show Cause** [#67] filed September 15, 2011, is **MADE ABSOLUTE**;

2.  That under FED. R. CIV. P. 4(m) and 41(b), all claims asserted by the plaintiff against defendants named as unknown City and County of Denver police officers, detectives, and sergeants, John Does 1-10, in their official and individual capacities are **DISMISSED** with prejudice;

3.  That **JUDGMENT SHALL ENTER** in favor of the defendants, City and County of Denver, Chief of Police Gerald R. Whitman, Officer Stephen Stack, Detective Henry P. Gonzales, Detective Kara Bilstein, Sgt. Kim Hull, and unknown City and County of Denver police officers, detectives, and sergeants, John Does 1-10, in their official and

2

individual capacities, and against the plaintiff, Deneen R. Gammons, Ph.D., consistent with the terms of this order and my **Order Granting Defendants' Motion To Dismiss** [#65] filed September 15, 2011;

    4. That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated November 14, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge